## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA MOREY, SCOTT SPRAGUE, <br><br> Plaintiffs <br><br> v. <br><br> FRANKLIN SECURITY BANK; CHEVROLET 21 INC. <br><br> Defendants | CIVIL ACTION <br><br> No. 10-cv-734 |

### FIRST AMENDED COMPLAINT

**PARTIES**

1. Plaintiff, REBECCA MOREY, is an adult individual residing at 218 Fisher Road, Fultonville, NY 12072.

2. Plaintiff, SCOTT SPRAGUE, is an adult individual residing at 124 Van Epps Road, Fultonville, NY 12072.

3. Defendant, CHEVROLET 21 INC. 1100-1124 Hellertown Road, Bethlehem, Pennsylvania 18015.

4. Defendant, FRANKLIN SECURITY BANK 667 N. River Street, Plains, Pennsylvania 18705. At all times relevant herein Franklin regularly purchased retail sale installment contracts from approved motor vehicle dealers.

5. At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

**FACTS**

**The Sale**

6. Prior to visiting Seller's sales location, plaintiff Morey started looking at the truck through a web-site, autotrader.com, and called Seller and inquired about a 2005 Chevrolet Silverado (hereinafter "the Vehicle").

7. On August 6, 2008, plaintiffs arrived at Seller's lot to examine the Vehicle.

8. Upon inspection, plaintiffs noted a few minor small scratches on various parts of the body, such as the drivers side hood, that had been painted over and a hole in the driver's seat.

9. After pointing out the visible defects to Seller, plaintiffs asked of Seller questions about the Vehicle's history.

10. At all times relevant, in response to plaintiffs' questions about the Vehicle, Seller's agents, including but not limited to those identified on the attached sales documents, expressly made the following representations:

   a. That it was used;

   b. That it had low mileage;

11. Prior to the formation of any agreements or execution of any contracts, Seller, by and through its agents, including those identified on the sales documents for the Vehicle, concealed the following facts from the plaintiff:

   a. that the Vehicle was used as a fleet vehicle for roughly 1 ½ years from July 2005 to March 2007.

12. "Fleet" vehicles are vehicles are groups of motor vehicles owned or leased by a business or government agency, rather than by an individual or family.

13. In the car sale market, fleet vehicles are often overworked and under-maintained in contrast to a car used and maintained for a person's private use and, as a result, "fleet vehicles" are less valuable than other used cars.

2

14. On August 6, 2008, in reliance upon Defendant's representations and omissions, Plaintiffs agreed to purchase the Vehicle by completing and signing a Retail Installment Sales Contract ("RISC") for the Vehicle (see "RISC" attached as Ex. "A").

15.

16. Plaintiffs have been and will continue to be financially damaged by the diminution in the Vehicle's value at time of its sale by Seller due to its intentional, reckless, wanton, and negligent failure to inform plaintiff of the vehicle's prior use.

17. Seller's actions as outlined above and below were part of defendant's regular and customary method of doing business.

18. Seller held managerial and/or supervisory control over all of their agents and all of the policies and procedures involved and/or at issue in this matter.

19. Seller directly and personally participated in the development, adoption and/or execution of the policies and practices at issue herein.

**The Assignment of the RISC to Franklin**

20. Franklin purchased the RISC and all monthly payments towards financed purchase of the vehicle were paid by plaintiffs to Franklin.

21. The RISC contained the following language mandated by the FTC:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR.

19. In or around November, 2009, plaintiffs went into default on the loan due to plaintiff Morey's employment problems.

3

20. On or about December, 2009, Franklin repossessed the Vehicle due to plaintiffs' default.

**Credit Pulls**

21. Franklin pulled plaintiff Morey's credit report twice from Trans Union after the repossession on February 8, 2010 and March 26, 2010.

22. Franklin pulled plaintiff Sprague's credit report from Trans Union after the repossession on February 8, 2010.

23. Franklin did not have a permissible purpose for making the aforesaid inquiries into plaintiffs' respective credit records.

## COUNT I - FRAUD

24. Plaintiffs incorporate the preceding paragraphs.

25. Before the purchase, Seller, by and through its agents, including but not limited to those identified on the attached records, intentionally, recklessly and/or negligently Seller omitted from the sale presentation and documents that the Vehicle had been used extensively as a Fleet vehicle.

26. At all times relevant, and in response to plaintiff's questions about the Vehicle, the defendants' agents, including but not limited to those identified on the attached records, Seller concealed from the plaintiffs that the Vehicle has been used extensively as a Fleet vehicle.

27. The defendant's representations and/or omissions outlined in previous paragraph were false, were known or should have been known to defendants to be false when made, were

material in nature, and were made with the intent to deceive, defraud and/or induce the plaintiff, and in fact, induced him to purchase the automobile at the price listed in the purchase agreement.

28. Seller knew or should have known that the Vehicle was a fleet vehicle based on:

a) their inspection of and the condition of the vehicle;

b) its prior use history

c) the vehicle history report;

d) its prior repair history;

e) its prior ownership history and their reputation in the industry;

f) their experience in the trade;

g) their familiarity with reports in popular and industry related media;

h) the manufacturer's warranty and repair history and/or database.

29. Omitting reference to the car's prior fleet status and consequent negative effect on its resale value was a material omission in the sales presentation for the vehicle.

30. Seller knew that the plaintiffs had no special knowledge in the purchase and condition of automobiles and would rely on their representations.

31. The plaintiffs relied on Seller's misrepresentations and were induced to purchase the aforementioned automobile and service contract at the inflated amount listed in the purchase agreement.

32. As a result of the aforementioned conduct, the plaintiff suffered the damages outlined above and below in addition to mental anguish, frustration, humiliation, embarrassment and stress.

33. The seller's actions as hereinbefore described, including but not limited to concealing the vehicle's history and defects which reduced or eliminated the vehicle's market

resale value as a used vehicle, were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

34. The Motor Vehicle Sales Finance Act ("MVSFA") imposes assignee liability upon defendant Franklin for the seller's acts under 69 P.S. § 615:

> F. No installment sale contract shall contain any provision **relieving the holder, or other assignee**, from liability for any legal remedies which **the buyer may have had against the seller** under the contract or under any separate instrument executed in connection therewith.

> G. No installment sale contract shall require or entail the execution of any note or series of notes by the buyer, which when separately negotiated, will cut off as to third parties any right of action or defense which the buyer may have against the original seller.

## COUNT II
## VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES ACT

35. Plaintiffs incorporate the preceding paragraphs.

36. Plaintiff purchaser is a "consumer" as that term is contemplated by the Act.

37. Defendant Franklin and the seller are each a person engaged in trade or commerce as that term is contemplated by the Act.

38. The Attorney General of Pennsylvania has opined, "Section 301.4(2)(iii) of the Automotive Industry Trade Practices ("ATP") states that it is an unfair method of competition and unfair or deceptive act or practice to fail to provide on any contract for the sale of a used motor vehicle:

> A description of the purchased vehicle as either "new" or "used" and, *if used, a brief description of its prior usage* such as "executive," "demonstrator," "reconstructed," *or any prior usage* which is required to be noted on a Pennsylvania Certificate of Title or which appears on the title of any state through which the dealer has acquired ownership (emphasis added)[1].

---

[1] The specified uses are clearly examples rather than an exhaustive list.

39. To the extent the aforesaid duty to disclose was published, as <u>Commonwealth Of Pennsylvania By D. Michael Fisher, Attorney General v. Northeast Lincoln-Mercury, Inc</u>., No. M.D. 2002, defendant Dealer was on constructive notice of its duties and consequences of its violation of the UTPCPL.

40. The conduct of Seller by and through its agents and employees, constituted an "unfair or deceptive practice" within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et. seq*., in that, among other reasons, by its failure to disclose the prior fleet vehicle status of the Vehicle;

   a) Seller misrepresented the quality, attributes and condition of the vehicle by concealing its diminished value at time of sale 73 P.S. § 201-1(4)(v);

   b) Seller caused a likelihood of confusion or misunderstanding as to the Vehicle's prior status, 73 P.S. § 201-1(4)(xxi);

   c) Seller misrepresented by omission to plaintiffs, by and through its agents and/or employees during a sales presentation, the facts as to the vehicle's history thereby violating Pennsylvania Code § 301.4(2)(iii) and, accordingly, violated 73 P.S. § 201-1(4)(v);

41. The Motor Vehicle Sales Finance Act ("MVSFA") imposes assignee liability for the seller's acts under 69 P.S. § 615:

F. No installment sale contract shall contain any provision **<u>relieving the holder, or other assignee</u>**, from liability for any legal remedies which **<u>the buyer may have had against the seller</u>** under the contract or under any separate instrument executed in connection therewith.

G. No installment sale contract shall require or entail the execution of any note or series of notes by the buyer, which when separately negotiated, will cut off as to third parties any right of action or defense which the buyer may have against the original seller.

### COUNT III - Violation of the FCRA
### Obtaining a Consumer Report Without a Permissible Purpose

42.  Plaintiffs incorporate the preceding paragraphs.

43.  Franklin's acts to obtain and use Plaintiffs' consumer credit report as alleged heretofore were negligently in violation of 15 U.S.C. §1681b(f).

44.  As a result of Franklin's unlawful access to and use of the Plaintiffs' credit report, he has suffered actual damages, including, but not limited to a reduction in his credit score caused by the reporting of the unlawful inquiry in Plaintiffs' credit reports and his loss of privacy.

45.  In the alternative to the allegation that Franklin's violation of 15 U.S.C. §1681b(f) was merely negligent, the Plaintiffs allege that Defendant acted willfully (knowingly and/or in reckless disregard of the Plaintiffs' interests and rights) in requesting and obtaining plaintiffs' credit report without a permissible purpose.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. For Defendant Franklin's willful violation of 15 U.S.C. §1681b(f), it is liable to Plaintiffs pursuant to 15 U.S.C. §1681n for the greater of actual damages or $100 to $1,000 in statutory damages; for punitive damages and for attorneys fees and costs. In the alternative, Plaintiffs are entitled to actual damages and attorneys fees and costs pursuant to 15 U.S.C. §1681o.

B. Actual damages;

C. Treble damages under the UTPCPL;

D. Reasonable attorney fees and costs under the UTPCPL.

    E.  Such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

/s/Matthew B. Weisberg
Matthew Weisberg, Esquire
WEISBERG LAW, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801